UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASTOR MADERO PENA, | No. C 09-1583 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| D. K. SISTO, warden, | |
| Respondent. | |

## INTRODUCTION

Pastor Madero Pena, a pro se prisoner, filed a petition for writ of habeas corpus to challenge his 2004 murder conviction. Respondent has moved to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Following a jury trial in Mendocino County Superior Court, Pena was convicted of first degree murder. Several weapon enhancement allegations were found true. On October 7, 2004, he was sentenced to 50 years to life in prison.

He appealed. The California Court of Appeal affirmed Pena's conviction on October 6, 2006. The California Supreme Court denied his petition for review on December 20, 2006.

Pena filed a petition for writ of habeas corpus in the California Supreme Court on September 10, 2008. That petition was denied on February 25, 2009.

Pena then filed his federal petition for writ of habeas corpus. The proof of service on the

petition is dated March 9, 2009, although it was not stamped "filed" in the U.S. District Court for the Eastern District of California until March 24, 2009. The petition was later transferred to this district because Pena's conviction occurred in Mendocino County, a county within this judicial district. As a prisoner proceeding pro se, Pena receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The petition is deemed to have been filed on March 9, 2009, the date of the proof of service.

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on March 20, 2007, 90 days after the California Supreme Court denied Pena's petition for review on December 20, 2006. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Pena to file his federal petition was March 20, 2008. He missed that deadline by more than eleven months, so unless he qualifies for enough statutory or equitable tolling, the petition is untimely.

The one-year limitations period may be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Statutory tolling is not appropriate here

because Pena did not file his first state habeas petition until many months after the limitations period had already ended. Once the limitations period expired it could not be revived. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).[1]

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long been used in the Ninth Circuit is that equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace). The Ninth Circuit has not settled on a single consistent standard. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008) (declining to decide whether Pace standard differs from Beeler standard).

Under either articulation of the test, the petitioner bears the burden of showing that equitable tolling is warranted in his case. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Pace, 544 U.S. at 418. The petitioner also must show that the extraordinary

---

[1] If the limitations period is equitably tolled for enough of the period between the conclusion of direct review and the filing of the state habeas petitions to bridge that gap, statutory tolling might be in order for state habeas petitions filed more than a year after the conclusion of direct review, but that is not the case here because the limitations period will not be equitably tolled.

3

circumstances "were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Spitsyn's mention of causation is important because it shows that equitable tolling often is not susceptible to a simple yes/no kind of inquiry, but instead requires the court to determine whether equitable tolling is allowed for the circumstance and, if so, how much time should be tolled for the circumstance. An acceptable reason for some delay doesn't necessarily mean that all delay will be excused.

Pena urges that he is entitled to equitable tolling due to appellate counsel's failure to inform him that his petition for review had been denied. As will be explained below, Pena's appellate attorney made a costly error, but her error was ordinary attorney negligence that does not warrant equitable tolling.

Pena's appellate counsel, Marylou Hillberg, filed a petition for review in the California Supreme Court on or about November 15, 2006, and sent a letter to Pena on November 14, 2006, explaining that the state appellate court had upheld his conviction and sentence, and that she had filed a petition for review in the California Supreme Court. Her letter continued: "If they [i.e., the California Supreme Court] deny the petition and they almost always do, then we are through with the State Court. [¶] Then we can file a petition of habeas corpus to the federal court. Your best bet is at the federal court level however at that point you don't have the right to an attorney. I will be sending you the appropriate forms an (sic) I will try to help you to at least initiate your case." Opposition Brief, Exh. B (English translation of letter written in Spanish). She also informed him that he had to file something within a year of the denial by the California Supreme Court, although her letter was vague as to whether it was the federal petition or the application for counsel in the federal action.

Attorney Hillberg described her work and lack thereof in a declaration dated January 29, 2009. She had been appointed to represent Pena, and had "finished [her] work on the case by filing a petition for review on November 15, 2006." Opposition, Exh. A , Hillberg Decl., ¶ 1. After the California Supreme Court denied review on December 20, 2006, she "held onto the transcripts, as it was [her] intention to file a pro bono federal habeas petition for Mr. Pena." Id.

4

at ¶ 2. Although she failed to explain why she did not inform her client during December 2006 or January 2007 that his petition for review had been rejected, starting at some unidentified date in February 2007, her "life took unexpected twists," including unanticipated surgery in February 2007 and a sudden separation and divorce from her husband starting in May 2007. Id. at ¶ 3. She explained: "I lost track of this case and did not file within the federal statute of limitations due solely to my own negligence. I forwarded the transcripts to Mr. Pena upon his request on January 29, 2009. He requested them previously, but I have finally acted upon his requests." Id. at ¶ 4.

On the other side of the attorney/client relationship, there was inaction for a very long period of time. There is no evidence that Pena did anything until about September 2008, when he sought the assistance of another inmate to review his case. That other inmate helped him to file a state habeas petition in the California Supreme Court on September 10, 2008 to exhaust an issue the other inmate determined to be unexhausted after reading the appellate briefs. Pena also wrote to the clerk of the California Supreme Court asking about the disposition of his direct appeal; on September 23, 2008, the clerk responded by sending Pena a copy of the December 20, 2006 order denying the petition for review.[2] Pena submitted a declaration to the California Supreme Court that stated he had tried to contact his attorney on unidentified occasions, and had tried to locate her by looking at a 2008 lawyer's directory at an unidentified time. Opposition, Exh. B. Had Pena looked at the law, he would have learned that the California Supreme Court had to act within sixty days of the filing of a petition for review. See Cal. Rule of Court 8.512(b).

In noncapital cases, an attorney's miscalculation of the limitations period and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (assuming without deciding that equitable tolling

---

[2] Pena received something from a state court on September 12, 2008, but does not explain what it was. Exhibit C to the Opposition is a legal mail log for incoming mail, but oddly covers only the period starting on September 12, 2008 (and ending in August 2009). The mail log shows that Pena received mail from the "Sup Crt of Cal." on September 12, 2008.

5

applies to § 2244(d)(2); in case where prisoner has no constitutional right to counsel, attorney miscalculation of limitations period not sufficient); Randle v. Crawford, 578 F.3d 1177, 1186 (9th Cir. 2009) (attorney's failure to perfect appeal and attorney's incorrect advice with respect to the time frame in which to file a state habeas case did not prevent petitioner from filing his federal petition on time); id. (petitioner did not establish that his attorney's delay in providing requested legal files prevented him from filing federal petition on time); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (distinguishing capital cases such as Beeler in which the petitioner has the right to a habeas petition filed by counsel). A prisoner-petitioner may be entitled to equitable tolling if his late filing was caused both by his lawyer's negligence *and* some extraordinary circumstance such as prison officials's misconduct. See Stillman v. LaMarque, 319 F.3d at 1201 (one event may have multiple causes and finding that prisoner entitled to equitable tolling because prison officials's misconduct proximately caused the late filing). Where the attorney's conduct is sufficiently egregious, as opposed to merely negligent, equitable tolling may be appropriate. See Spitsyn v. Moore, 345 F.3d 796, 800-01 (9th Cir. 2003) (equitable tolling appropriate where attorney was retained to file and prepare petition, failed to do so, and disregarded requests to return files pertaining to petitioner's case until well after the date the petition was due; remanding on issue of whether petitioner exercised reasonable diligence).

Attorney Hillberg's failure to inform Pena of the denial of the petition for review is comparable to a miscalculation of the deadline for filing the federal petition that occurred in Frye, and that mistake was not considered sufficiently egregious to support equitable tolling.

The circumstances in Pena's case are markedly different from those in Spitsyn, where the court considered the attorney's conduct to be sufficiently egregious to warrant equitable tolling. In Spitsyn, the attorney was hired after the appeal had concluded and nearly a full year before the deadline to file the federal habeas petition, completely failed to prepare and file a federal habeas petition, failed to act despite numerous calls and letters from petitioner and his mother, and "despite a request that he return Spitsyn's file, [counsel] retained it for the duration of the

limitations period and more than two months beyond." Id. at 801. The court found this cluster of facts sufficient to distinguish Spitsyn's attorney's conduct from that in Frye that was considered mere ordinary negligence. Spitsyn does not repudiate Frye but rather suggests that each case's particular facts must be examined because some attorney mistakes don't warrant tolling but some attorney mistakes are bad enough to warrant tolling. See Spitsyn, 345 F.3d at 801. The facts here are distinguishable from those in Spitsyn in that, unlike Spitsyn, attorney Hillberg never refused a request to return the files to petitioner. Further, unlike the Spitsyn petitioner, Pena was not diligent. His evidence does not show *any* effort to inquire into his case before late 2008, long after the petition for review was denied. Waiting a few months for word from an attorney might be reasonable, but waiting 20 months simply is not reasonable and does not show diligence. Cf. Ramirez v. Yates, 571 F.3d 993, 997-98 (9th Cir. 2009) (prisoner's lack of knowledge that state court has reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently). Pena also has not shown that he requested or needed his case file in order to file his federal habeas petition. Pena has submitted a legal mail log that shows activity in and after September 2008, but significantly did not submit legal and regular mail logs (or telephone logs) for the time period before September 2008 that would have shown whether he made any efforts to contact his attorney in the twenty months since he received her November 14, 2006 letter telling him that a petition for review had been filed. Not only has he failed to submit this documentary evidence, both he and his attorney are noticeably vague on dates, such that one would have to speculate that anything was done before August or September 2008, by which time the federal habeas deadline had long passed.

The equitable tolling inquiry concerns the nature of the attorney error rather than the effect of it. Even though attorney Hillberg's mistakes were quite costly for her client, her mistakes amounted to only ordinary attorney negligence and do not warrant equitable tolling of the limitations period. Pena's federal petition was filed more than eleven months too late. The petition must be dismissed.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. (Docket # 11.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: January 11, 2010

_____
SUSAN ILLSTON
United States District Judge